Mary Bachman, Appellant, *v.* The Philadelphia & Reading Railroad Company, and Joseph H. Harris, Edward M. Paxson and John Lowber Welsh, Receivers.

*Negligence—Statute of limitations—Death—Repeal of statutes—Act of April 26, 1855.*

Section 2 of the Act of April 26, 1855, P. L. 309, providing that an action for death occasioned by the unlawful violence or negligence of another "shall be brought within one year after the death, and not thereafter," is not repealed by article 3, section 21, of the constitution of 1874.

Argued Feb. 1, 1898. Appeal, No. 352, Jan. T., 1897, by plaintiff, from judgment of C. P. Lehigh County, April T., 1896, No. 92, sustaining demurrer to statement. Before STERRETT, C. J., GREEN, WILLIAMS, DEAN and FELL, JJ. Affirmed.

Trespass for death of plaintiff's husband.

The statement alleged that plaintiff's husband was killed on August 31, 1894, and it appeared from the record that the summons issued on March 9, 1896.

Defendants demurred to the statement on the ground that the action was not brought within one year after the death of the decedent.

ALBRIGHT, P. J., sustained the demurrer for reasons set forth in an opinion filed by him in Grath v. Iron Barb Wire Co., in

the same court to No. 26, September term, 1894, which is as follows :

The cause of action averred is that defendants by negligence caused the death of plaintiff's minor unmarried son. The action was brought more than one year after the son's death. Defendants demurred to the statement of cause of action.

The ground of the demurrer is that the action does not lie because not brought within one year after the death, as required by sec. 2, of the Act of 1855, P. L. 309. As to this, plaintiff's counsel insists that said one year's limitation is abrogated, and actions of this nature are left under the act of 1713, limiting actions, by virtue of article 3, sec. 21, of the constitution of this state, which provides that " No act shall prescribe any limitation of time within which suits may be brought against corporations for injuries to persons or property or for other causes different from those fixed by general laws regulating actions against natural persons, and such acts now existing are avoided." The argument in this reference is that said act of 1855 and that of 1851, P. L. 674, which gives a right of action to the widow or personal representative of one whose death was unlawfully caused, are not general laws ; that said act of 1855 picks out a particular class from a general class.

The court is of the opinion that this action cannot be sustained. At common law an action for malfeasance or misfeasance died with the person. A personal right of action dies with the person, was the maxim, (Broom's Legal Maxims, 702). Therefore the act of 1851, conferring a right of action, and that of 1855, designating the beneficiaries, and the time within which suit should be instituted, relate to a class ; a class was created by said legislation. Said one year limitation is as general a law as can be conceived, unless it were conceded that to be a general law, the law must embrace all human beings, all kinds of property, or all legal remedies, which of course would be impracticable. The foregoing is a reply to plaintiff's counsel's chief argument. But that argument does not bear on the real question. Said provision of the constitution avoids all acts of assembly that prescribe any limitation of time for suits against corporations different from those fixed by general laws regulating actions against natural persons. No difference as to rights exists between corporations and natural persons by reason

of said acts of 1851 and 1855. Said act of 1851, sec. 18, saves from abatement by the death of the plaintiff all actions for injuries to the person by negligence or default, and declares sec. 19, that whenever death shall be occasioned by unlawful violence or negligence and no suit be brought by the injured party in his lifetime, the widow or personal representatives may recover damages ; section 1 of the act of 1855 designates what relatives of the deceased may recover for any injury causing death ; section 2 prescribes what the declaration shall set forth, and declares that such action shall be brought within one year after the death, and not thereafter. It cannot be said that said legislation affects only corporations. For natural persons as well as corporations are made defendants in actions for damages for injuries causing death.

This court is but treading the path beaten by the common pleas judges who decided Kashner v. Lehigh Valley R. R. Co., 41 Leg. Int. 346, Black v. Nockamixon, 2 Pa. C. C. 116, Wasson v. P. R. R. Co., 25 Pitts. L. J. 184, and Jacobs v. P. R. R. Co., 6 Pa. C. C. 60.

April 1, 1895, upon the demurrer to plaintiff's declaration, judgment is entered for defendants.

*Error assigned* was in sustaining demurrer.

*James L. Marsteller*, for appellant.—The plaintiff contends that the limitation of one year prescribed by the act of 1855 is abrogated by the provisions of section 21, article 3, of the constitution of 1874 : Lewis v. Hollahan, 103 Pa. 425 ; In re Grape St., 103 Pa. 121.

The act of 1865 applies only to cases where the injured person does not sue during his lifetime; and when he has sued, and dies pending the suit, his personal representatives may be substituted and continue the suit, if he died from the injury : Birch v. Pittsburg, C., C. & St. Louis Ry., 165 Pa. 339.

The act comes directly within Mr. Justice PAXSON's definition of special acts in Wheeler v. Philadelphia, 77 Pa. 338, " A statute which relates to particular persons or things of a class is special and comes within the constitutional prohibition."

While the act may be general as to the persons who may plead

it, it is special as to the cause of action to which it may be pleaded. The act of 1855 is thus not a general act of limitation, and is therefore avoided by section 21, article 3, of the constitution of 1874.

*R. E. Wright,* for appellees, cited Brooks v. Danville Boro., 95 Pa. 158; Black v. Nockamixon Twp., 2 Pa. C. C. 117; Lanning v. Penn. Electric Light Co., 31 W. N. C. 251; Kashner v. R. R., 17 Phila. 641.

PER CURIAM, March 21, 1898:

For reasons given by the learned president of the court below he was clearly right in entering judgment for the defendants on the demurrer to plaintiff's statement. All that is necessary to be said on the question involved will be found in the opinion to which he refers in disposing of the demurrer.

Judgment affirmed.